UNITED STATES DISTRICT COURT

IN THE SOUTHERN DISTRICT OF FLORIDA

JAHMEL BINION,

        Plaintiff,

v.

        Case No. 0:15-cv-60869

SHAQUILLE O'NEAL,

        Defendant.
_____/

HUBBARD, SNITCHLER & PARZIANELLO, PLC
John A. Hubbard (FL 100925)
Eric A. Parzianello  (FL Bar 161225)
5/3 Center at Mercato
999 Vanderbilt Beach Road, Suite 200
Naples, Florida 34108
(239) 325-1802
jhubbard@hspplc.com
eparzianello@hspplc.com

_____/

## COMPLAINT

Plaintiff, JAHMEL BINION, through his attorneys, Hubbard Snitchler & Parzianello PLC, states as follows as his complaint against defendant Shaquille O'Neal:

## COMMON ALLEGATIONS

1.    Plaintiff is a resident of Macomb County, Michigan.

2.    Defendant O'Neal is a resident of Fort Lauderdale, Florida and does business in this District.

3.    The offensive communications were communicated nationwide and globally to over 8.3 million recipients, including recipients in Fort Lauderdale, Florida.

4.    Plaintiff Jahmel Binion suffers from a rare condition called ectodermal dysplasia.

5. Symptoms of ectodermal dysplasia include abnormalities in the hair, nails, sweat glands and teeth.

6. In April of 2014, defendant O'Neal obtained a photograph of the plaintiff showing the plaintiff's disfigured appearance due to ectodermal dysplasia.

7. Defendant O'Neal mocked and ridiculed plaintiff by publishing on Instagram and Twitter the plaintiff's picture and a picture of O'Neal attempting to make a similar face. Attached as **Exhibit "A"** is the picture O'Neal posted.

8. Within three (3) hours of O'Neal's post to his Instagram and Twitter accounts, the post had 14,000 "likes" and 460 comments. Within a day of O'Neal's posts, there were 17,703 "likes" and 735 comments.

9. The image of O'Neal mocking Binion's appearance has been re-published all over the world.

10. Defendant O'Neal uses his Twitter and Instagram posts as critical elements in the brand promotion of "Shaq".

11. Defendant O'Neal was the first celebrity to have a verified Twitter account.

12. The side-by-side posts of Defendant O'Neal mocking Binion remained on O'Neal's Instagram and Twitter accounts for approximately ten (10) days.

13. Despite removing the image from Defendant O'Neal's Instagram and Twitter accounts, the image remains on the internet.

14. Defendant O'Neal has an estimated half million Instagram followers and 8.46 million Twitter followers.

15. On July 30, 2014, Binion filed a complaint against Defendant O'Neal and others in the Macomb County Circuit Court in Michigan (the "State Case").

16. On September 5, 2014, certain of the defendants filed a notice of removal of the State Case to the United States District Court for the Eastern District of Michigan.

17. On April 2, 2015, the United States District Court for the Eastern District of Michigan, although recognizing O'Neal's conduct as "highly offensive", granted O'Neal's motion to dismiss under Rule 12(b)(2), finding that O'Neal is not subject to personal jurisdiction in Michigan.

18. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests, costs, and attorney fees.

19. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## COUNT I – INVASION OF PRIVACY

20. Plaintiff hereby restates and realleges paragraphs 1 through 17 as though fully set forth herein.

21. The plaintiff has a privacy interest in his appearance and medical condition.

22. Defendant's publicized photos mocking the plaintiff through his Instagram and Twitter accounts to millions of followers.

23. Defendant's publication of photos mocking the plaintiff constituted a public disclosure of embarrassing private facts about the plaintiff.

24. Defendant's publication of photos mocking the plaintiff was highly offensive.

25. Defendant's publication of photos mocking the plaintiff was not of a public concern.

26. Defendant's publication of photos mocking the plaintiff constituted appropriation, for the Defendant's benefit, of the plaintiff's name or likeness.

27. Defendant electronically intruded into plaintiff's private quarters.

28. Defendant publicly disclosed private facts about plaintiff the dissemination of which a reasonable person would find objectionable.

29. Defendant publicized facts which placed plaintiff in a false light even though the facts themselves may not have been defamatory.

30. As the result of the Defendant's conduct, the plaintiff has suffered damages in excess of $75,000.00.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff hereby restates and realleges paragraphs 1 through 28 as though fully set forth herein.

32. The Defendant's publication of photos mocking the plaintiff was intentional or reckless.

33. Defendant intended his behavior when he knew or should have known that emotional distress would likely result to plaintiff.

34. Defendant's conduct was outrageous and went beyond all bounds of decency.

35. Defendant's conduct should be regarded as odious and utterly intolerable in a civilized community.

36. Defendant's conduct in fact caused severe emotional distress to plaintiff.

37. As the result of the Defendant's conduct, the plaintiff has suffered damages in excess of $75,000.00.

## COUNT III – DEFAMATION

38. Plaintiff hereby restates and realleges paragraphs 1 through 35 as though fully set forth herein.

39. A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community.

40. Defendant intentionally published photos mocking the plaintiff.

41. The Defendant's communications clearly implied that the plaintiff was an appropriate object of mockery, ridicule and shame.

42. The Defendant's communications had the effect of lowering the plaintiff's reputation in the eyes of those who respected the views and opinions of the defendants.

43. The Defendant's communications were false because the plaintiff's medical condition is not an appropriate reason for mockery, ridicule and shame.

44. Alternatively, Defendant published false suggestions, impressions and implications arising from otherwise truthful statements.

45. Defendant acted negligently on a matter concerning a private person.

46. Defendant's publication was defamatory.

47. As the result of the Defendant's conduct, the plaintiff has suffered damages in excess of $75,000.00.

## COUNT IV – NEGLIGENCE

48. Plaintiff hereby restates and realleges paragraphs 1 through 45 as though fully set forth herein.

49. Defendant mocked and ridiculed the plaintiff, a person completely unknown to him, in public forums where Defendant's activity would be widely disseminated.

50. Defendant owed a duty to plaintiff to not subject him to ridicule.

51. Defendant's conduct involves an unreasonable risk of harm.

52. Defendant's conduct violates the general duty to conform to the legal standard of reasonable conduct in the light of the apparent risk.

53. Defendant's conduct would foreseeably result in emotional harm and injury to the person being mocked and ridiculed.

54. Defendant breached his duties to plaintiff.

55. As the proximate result of the Defendant's conduct, the plaintiff has suffered damages in excess of $75,000.00.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in this matter for damages in excess of $75,000.00.

                Respectfully submitted,

                HUBBARD, SNITCHLER & PARZIANELLO PLC

                /s/ Eric A. Parzianello
                John A. Hubbard (FL 100925)
                Eric A. Parzianello  (FL Bar 161225)
                5/3 Center at Mercato
                999 Vanderbilt Beach Road, Suite 200
                Naples, Florida 34108
                (239) 325-1802
                jhubbard@hspplc.com
                eparzianello@hspplc.com

Dated: April 23, 2015

**JURY DEMAND**

Plaintiff Jahmel Binion demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        HUBBARD, SNITCHLER & PARZIANELLO PLC

                                        /s/ Eric A. Parzianello
                                        John A. Hubbard (FL 100925)
                                        Eric A. Parzianello  (FL Bar 161225)
                                        5/3 Center at Mercato
                                        999 Vanderbilt Beach Road, Suite 200
                                        Naples, Florida 34108
                                        (239) 325-1802
                                        jhubbard@hspplc.com
                                        eparzianello@hspplc.com

Dated: April 23, 2015