UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60869-CIV-COHN/SELTZER

JAHMEL BINION,

    Plaintiff,

vs.

SHAQUILLE O'NEAL, et al.,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Sanctions for Failure of Defendant Shaquille O'Neal to Appear at the Mediation and to Order Further Mediation Prior to the February 26, 2016 Deadline [DE 89] ("Motion"). The Court has considered the Motion and Defendant O'Neal's expedited Response [DE 97]. The Court will **GRANT** the Motion, to the extent that it shall impose monetary sanctions on Defendant O'Neal's attorneys and require the parties to again mediate this case with Defendant O'Neal present. The Motion shall be **DENIED** in all other respects.

### I.    Background

Local Rule 16.2 contains this Court's mediation requirement. With few exceptions, the Court requires mediation in every civil case before it. Importantly, both the parties and their lawyers must attend. Local Rule 16.2.E states:

> **(e) Party Attendance Required.** <u>Unless excused in writing by the presiding Judge</u>, all parties and required claims professionals (e.g., insurance adjusters) shall be physically present at the mediation conference (i.e., <u>in person if the party is a natural person</u> or by personal attendance of a

>corporate representative if the party is an entity) with full authority to negotiate a settlement. . . . Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.

Local Rule 16.2.E (emphasis added).

Further, on June 30, 2015, Magistrate Judge Barry Seltzer ordered the parties to mediate. [DE 13.]  In that Order, Judge Seltzer reiterated, "Pursuant to Local Rule 16.2.E, **the appearance of counsel and each party or a representative of each party with full authority to enter into a full and complete compromise and settlement is mandatory**." [DE 13 at 1–2 (emphasis in original).]  And again Judge Seltzer warned, "The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of the Order."  [Id. at 2.]

Nevertheless, Defendant O'Neal did not personally and physically appear for mediation.  Rather, he participated sporadically by Skype and sent a representative to participate on his behalf.  [DE 97 at 2.]  According to Defendant's response, O'Neal relied upon "counsel's reading of [Judge Seltzer's] mediation order."  Counsel informed Defendant O'Neal that the mediation order excused him from personally attending the mediation as long as he sent a representative with full settlement authority.  [Id. at 6.]

Plaintiff's Motion also includes email correspondence between Plaintiff's and Defendants' attorneys.  Defendant O'Neal does not contest the authenticity of these emails.  They show that Plaintiff's attorney asked O'Neal's attorney whether O'Neal intended to personally attend the mediation as early as January 14, 2016, but received no answer.  [DE 89-5 at 1.]  The mediation took place on January 27, 2016.  [DE 88 at

1.] Throughout this attached correspondence, Plaintiff's counsel insisted that Defendant O'Neal personally attend the mediation.

Plaintiff now moves for sanctions for O'Neal's failure to attend the mediation. He asks the Court to order "O'Neal and/or his counsel" to pay $13,958.82, which includes travel costs for Plaintiff and his attorneys to South Florida, attorney time spent preparing for the mediation and drafting the instant Motion for Sanctions, and Plaintiff's share of the mediator fee. [DE 89 at 11.] Plaintiff further moves the Court to order a new mediation at Defendants' expense, and to strike Defendants' pending pleadings, including a Motion for Summary Judgment.

## II.      Discussion

Federal Rule of Civil Procedure 16(f) permits the court to sanction "a party or its attorney" under certain circumstances. These circumstances include "fail[ure] to obey a scheduling or other pretrial order." Id. The Rule authorizes sanctions for an attorney's failure to require his client to personally attend mediation. See Pinero v. Corp. Courts at Miami Lakes, Inc., 189 F. App'x 886, 888–90 (11th Cir. Jul . 22, 2010).

Here, sanctions are appropriate. Both this Court's Local Rules and Judge Seltzer's mediation order required O'Neal to personally attend the January 27 mediation. But O'Neal did not. Because O'Neal's attorneys state in their response that they advised O'Neal that his attendance was not required, the Court will sanction O'Neal's attorneys rather than O'Neal himself.

The Court rejects entirely Defense Counsel's argument that their belief that O'Neal did not have to personally attend the mediation was "a reasonable one" [DE 97 at 6]. Defense counsel argues that Judge Seltzer's mediation order superseded Local

3

Rule 16.2.E's personal attendance requirement and permitted Defendant O'Neal to send a representative with full settlement authority to the mediation instead.

In making this argument, Defendant observes that Judge Seltzer's mediation order states, "Pursuant to Local Rule 16.2.E, the appearance of counsel and each party or a representative of each party with full authority to enter into a full and complete compromise and settlement is mandatory." [DE 13 at 1–2.] Defense counsel argues that this language created a new requirement and permitted O'Neal to appear through a representative, despite Local Rule 16.2.E's contrary language.

But this argument ignores the mediation order's direction that the parties attend the mediation "pursuant to Local Rule 16.2.E." The mediation order's language therefore does not modify Local Rule 16.2.E. By definition, for something to be done "pursuant to" a rule, it must be done "in carrying out" or "in conformity with" that rule. *Pursuant to*, Merriam Webster's Collegiate Dictionary (11th ed. 2004).

Moreover, Rule 16.2.E's personal attendance requirements apply unless a party is excused in writing "by the presiding Judge." The Magistrate Judges of this district are eminently capable. But, still, the law requires that a district judge preside over civil cases, absent transfer to a Magistrate Judge with the consent of the parties. Thus, Judge Seltzer's mediation order could not excuse O'Neal's personal attendance at mediation. This compounds Defense Counsel's error in construing the mediation order to do so.

### III.     Conclusion

For the foregoing reasons, the Court concludes that sanctions are appropriate. The Court will order the parties to mediate this case again, with Defendant O'Neal present. Further, the Court will order Defense Counsel to pay Plaintiff's attorneys' fees

and costs for attending the original non-compliant mediation, which the parties agree lasted for 9.5 hours.[1]  Defendant does not dispute that each of Plaintiff's three attorneys charge a reasonable rate of $300 per hour.  Further, the Court will order Defendant O'Neal's attorneys to pay Plaintiff's expenses for travel to the original mediation, Plaintiff's share of the mediator's fee, and Plaintiff's attorneys' fees for time spent bringing the instant Motion for Sanctions.

The Court declines to award Plaintiff his attorneys' fees for time spent preparing for the original mediation, as Plaintiff will have another opportunity to mediate and this preparation will not be wasted.  Similarly, the Court will not order Defendants to bear the entire cost of further mediation.  The Court also declines to strike any of Defendants' filings.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Sanctions [DE 89] is **GRANTED in part and DENIED in part**.

2. Attorneys Benjamine Reid and Jeffrey A. Cohen, and the law firm of Carlton Fields Jorden Burt, P.A., shall pay Plaintiff a total of $13,058.82, for which they are jointly and severally liable.

3. The parties shall again mediate this case on or before February 26, 2016.  Defendant O'Neal shall be required to physically and personally attend this mediation.

4. The Court declines to order Defendants to bear the entire costs of further mediation.

---

[1] The Court rejects Defendant's argument that this figure should be reduced because "the parties did, in fact, conduct a meaningful mediation" on January 27, 2016 [see DE 97 at 12].  The judges of this district have incorporated the personal attendance requirement into the Local Rules because they have determined that mediation is substantially more effective when all individual parties personally attend.

5. The Court declines to strike Defendants' pleadings.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of February, 2016.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.